**Opinion filed July 16, 2026**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-25-00087-CR**

_____

**SAMUEL R. CISNEROS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-20-0593-CR**

**M E M O R A N D U M   O P I N I O N**

Appellant, Samuel R. Cisneros, pleaded guilty to the third-degree felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2025). Pursuant to the terms of a negotiated plea agreement between Appellant and the State, the trial court assessed Appellant's punishment at imprisonment for five years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ), but suspended imposition of the sentence and placed Appellant on community supervision for a period of five years. The State subsequently moved to revoke Appellant's community supervision, alleging that he committed nine violations of his community supervision conditions. At the hearing on the motion to revoke, Appellant pleaded "true" to seven violations alleged, and

"not true" to the two remaining allegations. The trial court found seven violations to be "true," revoked Appellant's community supervision, and assessed his punishment at imprisonment for five years in TDCJ.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examined the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to object to counsel's motion to withdraw, to review the record and file a pro se response to counsel's *Anders* brief, and to file a petition for discretionary review. *See* TEX. R. APP. P. 6.5, 68. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44; *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *Schulman*, 252 S.W.3d at 409–12; and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant, proceeding pro se, filed a response to counsel's *Anders* brief in which he asserts that the revocation of his community supervision "was unjust and unwarranted," and his counsel was ineffective. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine whether: (1) the appeal is wholly frivolous and, if so, issue an opinion explaining that it has independently reviewed the record and finds no reversible error; or (2) arguable grounds for appeal exist and, if so, remand the cause to the trial court to appoint new appellate counsel to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record and likewise conclude that the appeal is without

merit. *See Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d at 826–27. Here, Appellant pleaded "true" to seven of the violations alleged, which the trial court accepted and found to be "true." We note that proof of one violation of the terms and conditions of a probationer's community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). In this regard, a plea of "true," standing alone, is sufficient to support a trial court's decision to revoke community supervision. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Therefore, based on our independent review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

July 16, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Williams, J., and Quinn, S.C.J.[2]

Trotter, J., not participating.

---

[1]We note that Appellant has the right to file a petition for discretionary review in the Texas Court of Criminal Appeals pursuant to Rule 68 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.

[2]Brian Quinn, Senior Chief Justice (Retired), Court of Appeals, Seventh District of Texas at Amarillo, sitting by assignment.